**Michael J. SCHULTZ, Plaintiff–Appellant,**

v.

**ALTICOR/AMWAY CORPORATION, Dick Devos, Steve Ohman, Heidi Vandegrift, Defendants–Appellees.**

No. 01–2709.

United States Court of Appeals, Sixth Circuit.

Aug. 1, 2002.

Before RYAN and BOGGS, Circuit Judges; HAYNES, District Judge.*

*ORDER*

This is an appeal from a summary judgment for the defendants in this employment discrimination action based on the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131–12134. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth

Tennessee, sitting by designation.

Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Michael J. Schultz filed a complaint against his present employer, Alticor, Inc., and three other employees for their discriminatory treatment and failure to accommodate Schultz's disabilities under the ADA and for other alleged improper acts of employment discrimination. The defendants moved to dismiss the complaint and supplied evidentiary materials with the motion. The district court subsequently granted summary judgment for all defendants and this appeal followed. The evidence of record, construed in the light most favorable to Schultz, shows the following: Alticor/Amway hired Schultz in 1997 as a designer; Schultz's basic job description is that he works out of an office or cubicle in generating detailed design drawings for existing and proposed equipment and facilities layouts; and he does virtually all of his job at his work station on an easel or computer, he has limited contact with other employees, and his only meaningful interaction is obtaining work assignments or information from plant managers or his own supervisors. Beginning in 1999, Schultz raised several concerns with Alticor/Amway's management about his need to have his various disabilities accommodated. These dialogues resulted in Alticor/Amway agreeing to many, but not all, of Schultz's requests. Schultz filed a complaint with the Equal Employment Opportunity Commission in November 2000 and later received a "right to sue" letter when the Commission found no support for his allegations.

This lawsuit centers around three main complaints Schultz had with Alticor/Amway's alleged failure to accommodate Schultz's disabilities: the rejection of his request to have his service dog at work, the failure to install equipment to help Schultz with his hearing loss, and the failure to provide Schultz with sufficient handicapped parking. In addition, Schultz claims that Alticor/Amway retaliated against him for his exercise of his rights.

Schultz acquired a service dog in 1998 because of a hearing loss. Schultz asked for, and received, permission to bring his service dog to work at some time during the 1999 Christmas season. Other employees complained about the dog, so Schultz was asked to meet with a representative of Alticor/Amway Human Resources to discuss Schultz's specific need for the service dog at work. Schultz attended the meeting and admitted that he did not need a service dog to perform the essential functions of his job. In March of 2000, Schultz sent a letter to Alticor /Amway Human Resources personnel and others in which he requested certain accommodations for his increased loss of hearing. These accommodations included the installation of assisted listening devices in all conference rooms, a method to enable Schultz to hear the public address system, and a new digital telephone with light indicators and an amplifier. Alticor/Amway agreed to supply Schultz with the new telephone as requested, but declined to refit the conference rooms as they were already equipped with hearing aid devices. Schultz complained to Alticor/Amway management in August 2000 that there were insufficient handicapped-designated parking spaces near Schultz's building. Alticor/Amway responded by issuing Schultz a handicapped parking permit, informing Schultz of five such spaces next to his building, and further educating Schultz of the availability of numerous such spaces near all of the employee shuttle stops that were available for Schultz's use. Following a second complaint by Schultz, Alticor/Amway provided him with his own, designated parking space at his building. The alleged retaliation against Schultz

came in the form of: 1) a threat to terminate Schultz, 2) a supposed effort to "reclassify" Schultz's disability so as to avoid liability, 3) and withholding of pay increases.

Upon examination, we find ample support in the record and law for the district court's judgment and will affirm for the reasons stated by that court in its opinion filed November 1, 2001.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.